IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTT A. MORRIS and BRENDA M. MORRIS, | § § § | |
| Plaintiffs, | § § | 1:16-CV-1315 |
| v. | § § | |
| SELECT PORTFOLIO SERVICING INC. and U.S. BANK, N.A., | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are Defendants' motion for summary judgment, (Dkt. 12), Plaintiffs' motion for hearing, (Dkt. 21), Plaintiffs' motion for reconsideration, (Dkt. 30), and Plaintiffs' motion to dismiss without prejudice, (Dkt. 38). Having reviewed the filings, the relevant law, and the factual record, the Court issues the following order.

## I. BACKGROUND

Scott and Brenda Morris ("Plaintiffs") filed a petition in state court on December 5, 2016 seeking injunctive relief to prevent defendants Select Portfolio Servicing, Inc. and U.S. Bank, N.A. ("Defendants") from initiating a foreclosure sale on the property located at 11801 Bell Avenue, Austin, TX 78759, (Notice of Removal, Dkt. 1, at 1), pursuant to a foreclosure order entered July 10, 2015, (Foreclosure Order, Dkt. 12-4). Plaintiffs allege Defendants did not provide Plaintiffs with the notice to which Plaintiffs were entitled before initiating foreclosure sale proceedings on the property. (Compl., Dkt. 1-1, ¶ 11). Plaintiffs bring claims alleging (1) violation of the Texas Deceptive Trade Practices Act; (2) common law fraud and gross negligence; (3) fraud in a real estate transaction; (4) negligence; (5) negligent misrepresentation; (6) negligent hiring and supervision; (7)

breach of contract; (8) unjust enrichment; and (9) violation of the Fair Debt Collection Practices Act. (*Id.* ¶¶ 24–43, 51). Defendants removed the case to this Court on December 16, 2016. (Dkt. 1).

On April 17, 2017, Defendants filed a motion for summary judgment. (Dkt. 12). Because this motion was filed some time before the deadline for dispositive motions and the end of the discovery period, the Court granted Plaintiffs' motion requesting an extension of time to file a response to Defendants' motion for summary judgment, extending the response deadline to June 30, 2017. (Dkts. 13, 22). Plaintiffs filed a response to the motion on June 26, 2017. (Dkt. 26). In that response, Plaintiffs requested more time to conduct discovery, (*id.* ¶¶ 3–4, 9). The Court granted that request by giving Plaintiffs the opportunity to file a supplement to their response to the motion for summary judgment by September 15, 2017. (Order, Dkt. 36 (granting Plaintiffs "an opportunity to supplement the summary judgment record with any evidence that was produced during the course of discovery after Plaintiffs filed their response to Defendants' summary judgment motion" to "ensure that Plaintiffs have had an opportunity to submit any evidence that was not yet available at the time they responded to the pending motion")). Plaintiffs declined to do so, instead opting to move to dismiss their complaint without prejudice. (Mot. Dismiss, Dkt. 38).

## II. LEGAL STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes

2

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he moving party may [also] meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000).

The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court views this evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993). Because this case comes before the Court on the basis of diversity jurisdiction, the Court applies Texas substantive law. 28 U.S.C. § 1332; *Westerman v. Sears, Roebuck & Co.*, 577 F.2d 873, 879 (5th Cir. 1978) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

### III. PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE

Plaintiffs filed a motion to dismiss the case without prejudice on August 31, 2017. (Dkt. 38). Defendants object on the grounds that granting the motion would prejudice them. (Defs.' Resp. Mot. Dismiss, Dkt. 39, at 4). Federal Rule of Civil Procedure 41(a)(1)(A) provides that an action may be dismissed by the plaintiff without an order of the court by (1) filing the notice of dismissal before the opposing party serves its answer or (2) filing a stipulation of dismissal signed by all parties. When neither of these circumstances is present, the plaintiff may only request dismissal by court order pursuant to Federal Rule of Civil Procedure 41(a)(2). This rule permits the court to dismiss an action "on terms the court considers proper." Voluntary dismissals should be freely granted unless "the

3

non-moving party will suffer some plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "If a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, voluntary dismissal without prejudice should be denied." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). The Fifth Circuit has recognized extensive time and effort spent litigating a case incurred by the nonmoving party prior to the motion to dismiss as the type of prejudice that merits denial of a voluntary dismissal without prejudice. *Id.* ("Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal."). Here, Defendants have demonstrated such prejudice. The motion was filed more than nine months after the case was removed to this Court. Defendants have participated in discovery and motion practice. Their motion for summary judgment is ripe for the Court's consideration. Because Defendants would be prejudiced if Plaintiffs' motion to dismiss without prejudice were granted, the motion is **DENIED**.

### III. MOTION FOR HEARING

Plaintiffs requested a hearing on the motion for summary judgment. (Dkt. 21). Because the parties have provided sufficient information to rule on the motion in their briefing, a hearing is not necessary. *See Noack v. State Farm Fire and Cas. Co.*, 990 F.2d 1252, 1252 (5th Cir. 1993) ("Rule 56(c) does not require an oral hearing."). Therefore, the motion is **DENIED**.

### IV. SUMMARY JUDGMENT

A party seeking summary judgment has the responsibility of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014) (quoting *Celotex*, 477 U.S. at 323). Once the party moving for summary judgment has met its burden of identifying the absence of a genuine dispute as to any material fact, the burden shifts to

4

the nonmoving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56). Here, Defendants have informed the Court of the basis for their motion with respect to each claim. For most of the claims, Defendants have pointed to the complete absence of any supporting evidence. *Boudreaux*, 402 f.3d at 544 (noting that the moving party may "meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case").

As explained in detail below, Defendants have demonstrated the absence of evidence to support Plaintiffs' claims. Plaintiffs have failed to refute this showing by demonstrating the existence of a genuine issue for trial. Plaintiffs provide nothing more than vague, conclusory assertions that Defendants' responses to Plaintiffs' belated discovery requests will prove them right. Such bare claims are not sufficient to defeat summary judgment. A party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### A. Deceptive Trade Practices Act

Plaintiffs allege a violation of the Texas Deceptive Trade Practices Act ("DTPA"). (Compl., Dkt. 1-1, ¶¶ 24–30). Under the DTPA, a "consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish." TEX. BUS. & COM. CODE § 17.50 (listing various activities giving rise to a cause of action under the statute). The statute defines a "consumer" as one "who seeks or acquires by purchase or lease, any goods or services," with certain exceptions not relevant here. *Id.* § 17.45. However, in their complaint, Plaintiffs merely recite various provisions of the DTPA and say Defendants violated them. (Compl., Dkt. 1-1, ¶¶ 24–30). Plaintiffs do not articulate what actions Defendants took that resulted in a violation of the DTPA, nor have they provided evidence to support the contention that

5

a DTPA violation occurred. Further, Plaintiffs fail to respond to Defendants' argument raised in the motion for summary judgment that Plaintiffs do not meet the definition of "consumer" under the DTPA. (Mot. Summ. J., Dkt. 12, ¶¶ 11–12). Plaintiffs merely stated that they hope to receive evidence of such facts through discovery without stating what those facts might be. (Resp. Mot. Summ. J., Dkt. 26, ¶ 15). To date, they have shown no such evidence to support their status as consumers under the DTPA. Therefore, Plaintiffs' DTPA claim fails as a matter of law.

      *B. Common Law Fraud, Unjust Enrichment*

Plaintiffs state in the portion of their complaint alleging common law fraud that Defendants "made material false representations to Plaintiffs with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiffs, and that Plaintiffs relied on these representations to [their] detriment." (Dkt. 1-1, ¶ 31). Plaintiffs do not elaborate upon this abstract assertion in their complaint by making concrete claims about any false representations made by Defendants. In their motion for summary judgment, Defendants point out that Plaintiffs do not provide evidence that Defendants knew any statements were false. (Mot. Summ. J., Dkt. 12, ¶ 16). In fact, it is not even clear which statements Plaintiffs are referring to in their complaint. Such conclusory allegations do not meet the heightened pleading requirements for allegations of fraud. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Because Plaintiffs have not provided or even alluded to any specific facts to sustain this claim, it must fail.

Plaintiffs allege for the first time in their response brief that Defendants collected money from Plaintiffs based on the false promise that Defendants would modify the loan. (Resp. Mot. Summ. J., Dkt. 26, ¶ 18). This allegation is housed in the section concerning the statutory real estate fraud claim, but it has nothing to do with a claim for fraud in real estate for the reason Defendants mention: the Texas law against fraud in a real estate transaction does not apply to loan

6

transactions—even if property is used to secure the loan. *See* Section IV.G., *infra.* The allegation is more properly construed as relating to common law fraud. However, Plaintiffs, after being given ample opportunity to do so, have failed to produce a piece of evidence to support such a claim. And because they did not raise this allegation in their complaint, they may not raise it for the first time in their response to the motion for summary judgment. *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.") (citing *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)). Therefore, Plaintiffs' common law fraud claim cannot move forward.

Fraud, duress, or the taking of an undue advantage is a necessary component of unjust enrichment. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) ("A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.") (citing *Pope v. Garrett*, 211 S.W.2d 559, 560 (Tex. 1948)). As discussed above, Plaintiffs have failed to demonstrate fraud, and they have not pleaded duress or the taking of an undue advantage. Plaintiff's unjust enrichment must therefore also fail.

*C. Gross Negligence*

The gross negligence claim, coupled with the common law fraud claim in the complaint, contains no more specifically alleged facts or evidence to support such claims than does the common law fraud claim. *Turner*, 476 F.3d at 343 (noting that "a party cannot defeat summary judgment with conclusory allegations"). It too must fail.

*D. Negligence*

To state a claim for negligence under Texas law, a plaintiff must show the existence of a duty, a breach of that duty, and damages proximately caused by the breach. *W. Invs., Inc. v. Urena*,

7

162 S.W.3d 547, 550 (Tex. 2005). Here, Defendants contend they owe no duty to Plaintiffs outside of their contractual relationship. (Mot. Summ. J., Dkt. 12, ¶ 20). Plaintiffs have no response to this argument, apart from declaring that responses to discovery requests will give Plaintiffs evidence "to show that a duty was created." (Resp. Mot. Summ. J., Dkt. 26, ¶ 15).

Additionally, as Defendants point out, the economic loss rule bars a negligence claim here because the only duty owed by Defendants to Plaintiffs stems from the loan contract. The economic loss rule generally prevents liability in tort for purely economic loss stemming from negligence in the performance of a contract. *See LAN/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234, 243 (Tex. 2014) ("Texas courts of appeals have uniformly applied the economic loss rule to deny recovery of purely economic losses in actions for negligent performance of services."). Plaintiffs seem to respond to this point by arguing that they have suffered mental anguish, which goes beyond economic loss, (Resp. Mot. Summ. J. Dkt. 26, ¶ 17), but they have not shown any evidence of such anguish. Because Plaintiffs have failed to demonstrate that Defendants owed a duty to Plaintiffs outside of their contractual obligations, Plaintiffs' negligence claim fails.

*E. Negligent Hiring and Supervision*

Plaintiffs' negligent hiring claim also fails. "In a negligent-hiring or negligent-entrustment claim, a plaintiff must show that the risk that caused the entrustment or hiring to be negligent also proximately caused plaintiff's injuries." *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 240 (Tex. 2010) (citing *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 796 (Tex. 2006)). "To prevail on a claim for negligent hiring or supervision, the plaintiff is required to establish not only that the employer was negligent in hiring or supervising the employee, but also that the employee committed an actionable tort against the plaintiff." *Brown v. Swett & Crawford of Texas, Inc.*, 178 S.W.3d 373, 384 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Castillo v. Gared, Inc.*, 1 S.w.3d 781, 786 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)). Here, there being no actionable tort against Plaintiffs to

8

begin with, there can be no claim for negligent hiring. *Brown*, 178 S.W.3d at 384 (dismissing a negligent hiring claim because no actionable tort could be shown).

*F. Negligent Misrepresentation*

Because Texas courts have at times permitted a theory of negligent misrepresentation without considering the economic loss rule, the Court considers this claim separately. *See LAN/STV*, 435 S.W.3d at 244 ("Although Texas courts have repeatedly invoked the economic loss rule to disallow recovery of purely economic losses in actions for negligent services not involving professionals, this Court, without citing the rule, has allowed recovery of such losses in an action for negligent misrepresentation . . . ."). The elements of a negligent misrepresentation claim are: "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

Plaintiffs' negligent misrepresentation claim cannot survive summary judgment. Plaintiffs have not put forth any evidence of misrepresentations made to them. Plaintiffs do not explain, nor is it apparent, how the document they attached to their response to the motion for summary judgment—purporting to be a notice rescinding a prior notice of acceleration—saves their claim. Plaintiffs' negligent misrepresentation claims fail for the same reasons that the other claims involving misrepresentation do: Plaintiffs have not specified which statements Defendants made, nor have they shown any evidence of misstatements that harmed them in any way.

*G. Fraud in a Real Estate Transaction*

Plaintiffs allege fraud in a real estate transaction pursuant to Texas Business and Commerce Code § 27.01. (Compl., Dkt. 1-1, ¶ 34). That provision reads as follows:

9

> Fraud in a transaction involving real estate or stock in a corporation or joint stock company consists of a (1) false representation of a past or existing material fact, when the false representation is (A) made to a person for the purpose of inducing that person to enter into a contract; and (B) relied upon by that person in entering into that contract . . . .

TEX. BUS. & COM. CODE § 27.01(a)(1).

In doing so, Plaintiffs merely name the provision—they do not allege any specific facts amounting to such a claim in their complaint, nor have they provided any evidence of such statements. Plaintiffs also do not have a response to Defendants' legal argument that this provision does not apply to loan transactions. (Mot. Summ. J., Dkt. 12, ¶ 18). Therefore, there is no genuine dispute as to any material fact of the claim, and Defendants are entitled to judgment as a matter of law with respect to both the common law fraud and fraud in real estate claims. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008) ("A loan transaction, even if secured by land, is not considered to come under the statute.") (quoting *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.—Waco 2000, pet. denied)).

### H. Breach of Contract

Plaintiffs also allege a breach of contract. The elements of a breach-of-contract claim are: (1) a valid contract; (2) performance tendered by plaintiff; (3) breach by defendant; and (4) damages. *See, e.g., Winchek v. Am. Exp. Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A plaintiff who has not performed the contract may not pursue a claim for breach of the contract by the defendant. Here, Defendants allege, and Plaintiffs do not dispute, that Plaintiffs cannot pursue this claim because Plaintiffs defaulted on the loan. This fact defeats Plaintiffs' breach-of-contract claim. *See Davis v. DRRF Trust 2015-1*, No. 5:15-CV-880-RP, 2016 WL 8257126, at *2 (W.D. Tex. Jan. 6, 2016) (citing *Tyler v. Bank of Am., N.A.*, No. 5:12–CV–909–DAE, 2013 WL 5923717, at *10 (W.D. Tex. Oct. 31, 2013) (dismissing a breach-of-contract claim brought

by a borrower against a lender because the plaintiff failed to allege the second element and "admitted her default")).

*I. Fair Debt Collection Practices Act*

The Fair Debt Collection Practices Act ("FDCPA") provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiffs do not allege that Defendants meet the statutory definition of debt collector, nor have they alleged that Defendants used false, deceptive, or misleading representation, nor have they alleged that Defendants made misleading representation in connection with the collection of any debt. Rather, they merely state that actions taken by Defendants were done so "with the specific and predetermined intention of enriching said Defendants to violate the Fair Debt Collection Practices Act." (Compl., Dkt. 1-1, ¶ 51). Having not pleaded anything more than that the Defendants violated the FDCPA in some unspecified manner, Plaintiffs' FDCPA claim fails. *Turner*, 476 F.3d at 343 (stating that "a party cannot defeat summary judgment with conclusory allegations").

## V. PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs have moved for the Court to reconsider its prior order denying their motion to compel Defendants to schedule and attend alternative dispute resolution ("ADR"). (Dkt. 30). Defendants are correct to point out that Plaintiffs' assertions of violations of Local Rule CV-88 are misplaced because this Court has not ordered—and the parties have not agreed to—alternative dispute resolution. *See* W.D. Tex. Loc. R. CV-88(C) ("The court may refer a case to ADR . . . however, the court may refer a case to arbitration only with the consent of the parties . . . ."). Therefore, the parties have completed their obligation relating to ADR, which was to submit an ADR report (ADR Report, Dkt. 17) as dictated by the scheduling order, (Scheduling Order, Dkt. 11, ¶ 1). Because the parties chose not to engage in ADR, the requirements of Local Rule CV-88 are

irrelevant. Therefore, Plaintiffs' motion to reconsider the Court's denial of its prior motion to compel ADR is **DENIED.**

## VI. CONCLUSION

For the reasons detailed above, the Court hereby **GRANTS** Defendants' Motion for Summary Judgment, (Dkt. 12), in full. Plaintiffs' motion for a hearing, (Dkt. 21), Plaintiffs' motion for reconsideration, (Dkt. 30), and Plaintiffs' motion to dismiss the case without prejudice, (Dkt. 38), are **DENIED**.

**SIGNED** on January 26, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE